**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **United States of America,** | ) | **CASE NO.** | **5:07 CR 0037** |
| | ) | | **5: 10 CV 2485** |
| | ) | | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** | |
| | ) | | |
| Vs. | ) | | |
| | ) | | |
| **Milon Lamar Lewis,** | ) | **Memorandum of Opinion and Order** | |
| | ) | | |
| **Defendant.** | ) | | |

### INTRODUCTION

This matter is before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 33). For the reasons that follow, the motion is DENIED.

### FACTS

Defendant, Milon Lamar Lewis, entered a plea of guilty to two counts of bank robbery. Defendant filed objections to the presentence investigation report and challenged the validity of a prior burglary charge as a fourth degree felony. The Court rejected the challenge and,

1

thereafter, this Court found defendant to be a career offender.  Defendant is currently serving a 155-month prison sentence.  Judgment was entered on August 14, 2008.  Defendant did not file a direct appeal and, according to the government, his judgment of conviction became final on August 28, 2009.  On October 29, 2010, defendant filed the instant motion, which is opposed by the government.

## ANALYSIS

Defendant argues that he is entitled to collateral relief because the Court erroneously included the offense of burglary in determining defendant to be a career criminal.  According to defendant, under recent Supreme Court law, defendant should not be deemed a career criminal.

The government argues that defendant's motion is untimely.  According to the government, defendant filed his motion more than one year after the judgment of conviction became final.  The government argues that none of the Supreme Court law cited by defendant supports his claim in this case.

Upon review, the Court agrees with the government.  A one-year statute of limitations applies to Section 2255 motions.  The limitations period begins to run from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant does not argue that the circumstances set forth in subsections two or four should be applied in this case. Rather, defendant argues that subsection three applies. Specifically, defendant argues that the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), *United States v. Chambers*, 555 U.S. 122 (2009), and *United States v. Johnson*, 130 S.Ct. 1265 (2010) render his motion timely. Upon review, defendant's argument lacks merit. These cases address predicate acts under the Armed Career Criminal Act. None of them, however, involve burglary as a predicate act.[1] Accordingly, defendant fails to point to an applicable right "newly recognized" by the Supreme Court, which must be applied to this case.

Accordingly, the one year statute of limitations began to run on the date the judgment of conviction became final. The government argues that petitioner's judgment of conviction became final on August 28, 2008. Petitioner offers no response. Given that petitioner did not file his motion until October 29, 2009, well outside the one-year statute of limitations, the Court finds that the motion is time barred. Accordingly, the Court will not reach the merits of the arguments raised by petitioner.

**CERTIFICATE OF APPEALABILITY**

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of

---

[1] In *Begay*, the Court concluded that New Mexico's driving under the influence crime is not a violent offense. *Chambers* addressed the predicate offense of "failure to report" and *Johnson* involved Florida's battery laws.

>arises out of process issued by a State court; or
>
>*(B) the final order in a proceeding under section 2255.*
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

>In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that
>
>[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 33) is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/23/10